In the Matter of the Marriage of

Karen Lynese SHELTON,
nka Karen Lynese Melius,
*Respondent,*

*and*

Danny Jay SHELTON,
*Appellant.*

C932441DR; A119483

105 P3d 944

Margaret Leek Leiberan, and Case & Dusterhoff, LLP, for petition.

Kristin Winnie Eaton, and Yates, Matthews & Associates, P. C., *contra.*

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Deits, Judge pro tempore.

DEITS, J. pro tempore.

---

* Brewer, C. J., *vice* Leeson, J. pro tempore.

## DEITS, J. pro tempore

In our original opinion in this case, we modified the trial court's parenting schedule. Mother now seeks reconsideration. We adhere to both our original opinion and disposition, allowing reconsideration only to clarify two issues.

Mother is primarily concerned that our original opinion leaves unresolved many issues that were resolved by the trial court's parenting plan. Mother's concern is misplaced and flows from her misunderstanding that we "reversed" the trial court's parenting schedule. As stated consistently several times in our former opinion, we modified the trial court's parenting schedule; we did not reverse it. *Shelton and Shelton*, 196 Or App 221, 224, 232, 235, 110 P3d 1101 (2004). When this court modifies the judgment of a trial court, but otherwise affirms, as we did here, the unmodified provisions of the judgment remain in effect. The particular issues raised by mother are addressed in the trial court's judgment and should be resolved by reference to that judgment.

It appears that it would be helpful to the parties to address an issue concerning summer parenting time. Although it is our view that that issue is unambiguously resolved by our original opinion, we clarify that, except for each parent's two-week block of uninterrupted parenting time, the regular parenting schedule set out in our original opinion is to be followed during the summer.

We reject mother's other arguments without discussion.

Reconsideration allowed; former opinion clarified and adhered to as clarified.